RICHARD RANKINS *versus* ROBERT TREAT & *als.*

The defendants agreed with the plaintiff to convey to him one-sixteenth of a ship, upon the payment by him of certain notes, and that the earnings of the one-sixteenth should go to him. The plaintiff failed to pay the notes, and the contract was rescinded by the parties on that account; —

*Held,* that the plaintiff could not recover for earnings if it appeared that at the time of the rescission of the contract there were no net earnings, although there had previously been.

Where A agreed to purchase part of a vessel of B, paid part of the money, and received a contract that, when certain other payments were made, he should have a conveyance, and, in the mean time, have the earnings of the part in question; and the vessel, proceeding on a voyage, was successful at first, but afterwards unsuccessful, A, having at last failed to make his payments, cannot claim the earnings for the first part of the voyage, on the ground that it was prior to the breach of his contract, if the parties have treated the transaction as an entirety, and the contract was not rescinded until the end of the voyage, when there were no net earnings to be divided.

ON REPORT.

ASSUMPSIT to recover one-sixteenth of the earnings of a vessel. The case is fully stated in the opinion.

*A. H. Briggs,* for plaintiff.

*N. H. Hubbard,* for defendants.

The opinion of the Court was drawn up by

RICE, J. — Plaintiff, on the twentieth of October, 1855, agreed to purchase one-sixteenth of the new ship Robert Treat, for which he agreed to pay $2534,57 ; one thousand

in cash, and the balance in three equal payments, in four, eight and twelve months, with interest from October 10, 1855. The cash was paid and the defendants agreed to give him a title to the one-sixteenth if the other payments were made as stipulated. The contract of sale closed with these words, "it being understood that the earnings of said one-sixteenth of the ship to go to Capt. R. Rankins."

It is to recover the alleged earnings of the one-sixteenth that this suit is brought. The plaintiff sailed in the ship, as master, on wages. He proceeded to New Orleans, where he took in a cargo and sailed thence to Cadiz and Alicante, at which latter place he arrived on January 28, 1856, and finished discharging his cargo about the 20th of February, 1856. From thence the ship sailed to different ports, and finally to New York, where the plaintiff and defendants settled an account of the voyage, August 27, 1856. By this settlement, which is in the case, it appears that the disbursements of the ship, during the voyage, exceeded the entire receipts, leaving no net earnings to be divided. The plaintiff left the ship at New York, and has not completed his contract of purchase by paying the notes given, or either of them, and the ship, as we infer, has been sold for the benefit of the defendants.

The plaintiff, in a former suit claimed, among other things, to recover the $1000, cash, paid in part fulfilment of his contract of purchase, but, it appearing that he failed to complete his contract, he did not succeed in that suit.

He now claims that he went into possession of one-sixteenth, by virtue of his contract, and that, though the whole voyage of the ship was unsuccessful, yet the voyage to Alicante was successful, and that the ship had earned a valuable freight to that port, before he had failed to fulfil any part of his contract, and that, therefore, he is entitled to recover his proportion of that freight in this action.

The defendants reply, that his right to a portion of the earnings of the ship, like his right to the ship itself, depended upon the contingency whether he made his payments

as agreed, and that, failing to complete his purchase, and thereby forfeiting his advance payments on the ship, he also, as an incident thereto, forfeited all claims to the ship's earnings. Whether such is the legitimate construction of the contract, is, in this case, immaterial. There is no evidence in the case showing, or tending to show, an abandonment of the contract on the part of the plaintiff, at Alicante, or that the defendants, at that time, claimed a forfeiture for the non-fulfilment thereof. There was, at that time, no change in his relations to the ship. If he was in possession before that time as part owner, he remained thus in possession, so far as the evidence shows, until the ship arrived in New York. Nor does the evidence show whether the contract was finally abandoned by the plaintiff or rescinded by the defendants, or whether it was annulled by mutual consent. The account rendered was an entirety, of the whole voyage. The parties have treated the transaction as a whole, and there is nothing in the case which will authorize the Court to divide it into separate and distinct parts.

If, therefore, the plaintiff forfeited his right to the earnings under the contract, he cannot prevail for that reason; if, on the contrary, he was entitled to the earnings of one-sixteenth of the ship, he must fail, because he shows, by his own account, that, at the time the contract was abandoned or rescinded, for failure on his part to fulfil it, there were no net earnings to be divided.                    *Plaintiff nonsuit.*

TENNEY, C. J., APPLETON, CUTTING, MAY and KENT, JJ., concurred.